UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————— x

CHRISTINE JOHNSON, Individually and On :   Civil Action No. 1:09-cv-05310-JG-RER
Behalf of All Others Similarly Situated,   :

                     :   <u>CLASS ACTION</u>

            Plaintiff,   :

                     :   MEMORANDUM OF LAW IN SUPPORT
      vs.                   :   OF THE MOTION OF 1199 SEIU GREATER
                     :   NEW YORK PENSION FUND FOR
SIEMENS AG,            :   APPOINTMENT AS LEAD PLAINTIFF
                     :   AND APPROVAL OF SELECTION OF
            Defendant.   :  LEAD COUNSEL

—————————————————— x

## I.     PRELIMINARY STATEMENT

Presently pending in this Court is a class action lawsuit (the "Action") brought on behalf of all those who purchased or otherwise acquired Siemens AG ("Siemens" or the "Company") American Depository Receipt Shares ("ADRs") between November 8, 2007 and April 30, 2008, inclusive (the "Class Period"), which alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Proposed lead plaintiff 1199 SEIU Greater New York Pension Fund ("1199 SEIU") hereby moves this Court for an Order: (1) appointing 1199 SEIU as Lead Plaintiff in this Action; and (2) approving 1199 SEIU's selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel. *See generally Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) ("Coughlin Stoia Geller Rudman & Robbins LLP . . . is well qualified and has successfully served as lead counsel . . . in numerous complex securities class actions.").

This motion is made on the grounds that 1199 SEIU is the most adequate plaintiff, as defined by the PSLRA.  1199 SEIU suffered a loss of approximately $525,794.24 in connection with its purchases of Siemens ADRs during the Class Period. *See* Rosenfeld Decl. Ex. B.[1]  In addition, 1199 SEIU, for the purposes of this motion, adequately satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

---

[1]      References to the "Rosenfeld Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld in Support of the Motion of 1199 SEIU Greater New York Pension Fund for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated February 5, 2010 and submitted herewith.

## II.     FACTUAL BACKGROUND

Siemens is an electronics and electrical engineering company, operating in the industry, energy, and healthcare sectors worldwide.  The complaint charges Siemens with violations of the Exchange Act.

The complaint alleges that, throughout the Class Period, Siemens failed to disclose material adverse facts about the Company's true financial condition, business and prospects.  Specifically, the complaint alleges that defendants failed to disclose: (i) that it was engaging in illegal activities, including the establishment of sham businesses, phony contracts, phantom invoices, shadow companies, mail and wire fraud, bribery, and money laundering in order to obtain contracts or retain business for the Company; (ii) that the Company's internal control were materially deficient; (iii) that the Company was recognizing significant amounts of revenues derived from illegal activities in violation of the U.S. Foreign Corrupt Practices Act of 1977; and (iv) as a result, the Company's financial statements were not a fair presentation of Siemens's results.

On April 29, 2008, Siemens announced that Debevoise & Plimpton discovered that the Company had violated "domestic as well as foreign compliance regulations."  Moreover, the Company stated that the "violations in question reflect not only outright incidents of corruption, but, in many cases, violations of regulations pertaining to internal controls and the accuracy of documentation."

## III.    ARGUMENT

### A.     1199 SEIU Should Be Appointed Lead Plaintiff

#### 1.     The Procedure Required by the PSLRA

The PSLRA establishes the procedure for the appointment of lead plaintiffs in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish notice to the class (within 20 days of filing the action) informing class members of their right to file a lead plaintiff motion. Here, notice was published on *Business Wire* on December 7, 2009. *See* Rosenfeld Decl. Ex. A. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that the Court shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . . ;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Martingano v. American Int'l Grp., Inc.*, No. 06-cv-1625 (JG) (JMA), 2006 U.S. Dist. LEXIS 47855, at *8 (E.D.N.Y. July 11, 2006); *see also Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008) ("[t]wo objective factors inform the district court's appointment decision: the plaintiffs' respective financial stakes in the relief sought by the class, and their ability to satisfy the requirements of Rule 23.").[2]

---

[2] Unless otherwise noted, all emphasis is added and citations omitted.

2.      **1199 SEIU Satisfies the "Lead Plaintiff" Requirements of the Exchange Act**

a.      **1199 SEIU Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff**

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on February 5, 2010.  *See* 15 U.S.C. §§78u-4(a)(3)(A) & (B).  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on December 7, 2009), 1199 SEIU timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

1199 SEIU has duly signed and filed a certification stating that 1199 SEIU is willing to serve as the representative party on behalf of the class.  *See* Rosenfeld Decl. Ex. C.  In addition, 1199 SEIU has selected and retained competent counsel to represent itself and the class.  *See* Rosenfeld Decl. Ex. D.  Accordingly, 1199 SEIU has satisfied the individual requirements of the PSLRA and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

b.      **1199 SEIU Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Rosenfeld Decl. Ex. C, 1199 SEIU purchased Siemens ADRs in reliance upon the materially false and misleading statements issued by defendants and was injured thereby.  In addition, 1199 SEIU incurred a substantial $525,794.24 loss on its transactions in Siemens ADRs. Rosenfeld Decl. Ex. B.  1199 SEIU, thus, has a significant financial interest in this case.

c.      **1199 SEIU Otherwise Satisfy Rule 23**

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of

Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc); *Baughman*, 250 F.R.D. at 125. Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of a class representative. *See Martingano*, 2006 U.S. Dist. LEXIS 47855, at *12 ("The Rule 23 inquiry [under § 78u-4(a)(3)(B)] is 'less stringent than the inquiry the rule otherwise requires'"); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998). Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Martingano*, 2006 U.S. Dist. LEXIS 47855, at *12-*13 ("It should be noted, however, that any preliminary class certification findings of typicality and adequacy for the purposes of appointing a lead plaintiff will not preclude any party from contesting the ultimate class certification in the future.").

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Baughman*, 250 F.R.D. at 126 ("Typicality is satisfied if the 'defendants committed the same wrongful acts in the same manner against all members of the class'"). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims

asserted which determines whether the class representatives are typical.  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

1199 SEIU satisfies this requirement because, just like all other class members, it: (1) purchased Siemens ADRs during the Class Period; (2) purchased Siemens ADRs in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby.  *See* Rosenfeld Decl. Ex. B.  Thus, 1199 SEIU's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Fed. R. Civ. P. 23(a)(4) a representative party must also "fairly and adequately protect the interests of the class."  Adequacy is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another." *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003).  Here, 1199 SEIU is adequate because its interests are aligned with the interests of the class. Furthermore, there is no evidence of antagonism between 1199 SEIU and the class and it has certified to its willingness to serve as a class representative.  Rosenfeld Decl. Ex. C.  In addition, as shown below, 1199 SEIU's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Moreover, 1199 SEIU, as an institutional investor, is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA:  "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d

201, 273 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733).

Accordingly, 1199 SEIU *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for purposes of this motion.

### B. The Court Should Approve 1199 SEIU's Selection of Coughlin Stoia as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, 1199 SEIU has selected Coughlin Stoia to serve as lead counsel to the class. This firm has substantial experience in the prosecution of shareholder and securities class actions in this District and elsewhere. *See*, *e.g.*, *Baughman*, 250 F.R.D. at 129 (Coughlin Stoia appointed based on "extensive experience as counsel in securities class actions"); *Lintz v. Agria Corp.*, No. 08 Civ. 3536 (WHP), 2008 U.S. Dist. LEXIS 99846, at *7 (S.D.N.Y. Dec. 3, 2008) (approving selection of Coughlin Stoia); *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *17-*18 (S.D.N.Y. July 8, 2008) (same); Rosenfeld Decl. Ex. D. Accordingly, the Court should approve 1199 SEIU's selection of counsel.

## IV. CONCLUSION

For the foregoing reasons, 1199 SEIU respectfully requests that the Court: (1) appoint 1199 SEIU as Lead Plaintiff in the Action; (2) approve its selection of Coughlin Stoia to serve as Lead Counsel; and (3) grant such other relief as the court may deem just and proper.

DATED:  February 5, 2010

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.


                 /s/ David A. Rosenfeld
                DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

*[Proposed] Lead Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on February 5, 2010, I caused a true and

correct copy of the attached:

Notice of Motion of 1199 SEIU Greater New York Pension Fund for
Appointment as Lead Plaintiff and Approval of Selection of Lead
Counsel;

Memorandum of Law in Support of the Motion of 1199 SEIU Greater
New York Pension Fund for Appointment as Lead Plaintiff and Approval
of Selection of Lead Counsel;

Declaration of David A. Rosenfeld in Support of the Motion of 1199 SEIU
Greater New York Pension Fund for Appointment as Lead Plaintiff and
Approval of Selection of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this

case; and (ii) by first-class mail to all additional counsel on the attached service list.


_____ /s/ *David A. Rosenfeld*
David A. Rosenfeld

SIEMENS AG

Service List - 2/4/2010    (10-0014)

Page 1 of  1

## Counsel For Defendant(s)

James P. Gillespie

Brant W. Bishop

Oreste P. McClung

Kirkland & Ellis LLP

655 Fifteenth Street, N.W., Suite 1200

Washington, DC  20005

   202/879-5000

   202/879-5200 (Fax)


## Counsel For Plaintiff(s)

Samuel H. Rudman

David A. Rosenfeld

Mario  Alba Jr.

Coughlin Stoia Geller Rudman & Robbins LLP

58 South Service Road, Suite 200

Melville, NY  11747

   631/367-7100

   631/367-1173 (Fax)


Joseph H. Weiss

James E. Tullman

Weiss & Lurie

551 Fifth Avenue, Suite 1600

New York, NY  10176

   212/682-3025

   212/682-3010 (Fax)


Jules  Brody

Stull, Stull & Brody

6 East 45th Street, 4th Floor

New York, NY  10017

   212/687-7230

   212/490-2022 (Fax)